UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DOMINGO ACOSTA,<br>Defendant. | INDICTMENT<br><br>CRIMINAL NO. 23-346 (FAB)<br><br>VIOLATIONS:<br><br>46 U.S.C. §§ 70503(a)(1), and 70506(b)<br><br>21 U.S.C. §§ 846, 841<br><br>18 U.S.C. § 1001<br><br>RECEIVED AND FILED<br>CLERK'S OFFICE USDC PR<br>2023 SEP 13 PM 4:53<br><br>(Four Counts & Forfeiture Allegations) |

THE GRAND JURY CHARGES:

### COUNT ONE
**Conspiracy to Possess with Intent to Distribute Cocaine
Aboard a Vessel Subject to the Jurisdiction of the United States**
46 U.S.C. §§ 70503(a)(1) & 70506(b) and 21 U.S.C. § 960(b)(1)(B)

Beginning on a date unknown, but not later than April 12, 2022, and continuing up to and until the return of this Indictment, in the District of Puerto Rico, and within the jurisdiction of this Court,

DOMINGO ACOSTA,

the defendant herein, did knowingly and intentionally combine, conspire, confederate and agree with other persons known and unknown to the Grand Jury, to commit an offense defined in 46 U.S.C. § 70503(a)(1), that is to knowingly and intentionally possess with intent to distribute and to distribute (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled substance, aboard a vessel subject to the jurisdiction of the United States. All in violation of 46 U.S.C.

1

§§ 70503(a)(1) & 70506(b), and 21 U.S.C. § 960(b)(1)(B).

## COUNT TWO
### Possession with Intent to Distribute Cocaine
### Aboard a Vessel Subject to the Jurisdiction of the United States
46 U.S.C. § 70503(a)(1) and 21 U.S.C. § 960(b)(1)(B)

On or about April 12, 2022, in the District of Puerto Rico, and within the jurisdiction of this Court,

**DOMINGO ACOSTA,**

the defendant herein, aiding and abetting other persons, known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute, and distributed, five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance, aboard a vessel subject to the jurisdiction of the United States. All in violation of 46 U.S.C. § 70503(a)(1) and 21 U.S.C. § 960(b)(1)(B).

## COUNT THREE
### Conspiracy to Possess with Intent to Distribute a Controlled Substance
21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846

Beginning on an unknown date, but not later than April 10, 2022, and continuing up to and until the return of the instant indictment, in the District of Puerto Rico, and within the jurisdiction of this Court,

**DOMINGO ACOSTA,**

the defendant herein, did knowingly and intentionally combine, conspire, confederate and agree with diverse other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is: to possess with intent to distribute and to distribute, five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled substance. All in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846.

## COUNT FOUR
**False Statements**

On or about April 11, 2023, in the District of Puerto Rico and within the jurisdiction of this Court,

### DOMINGO ACOSTA,

the defendant herein, in a matter within the jurisdiction of the Department of Drug Enforcement Administration ("DEA"), an agency of the executive branch of the Government of the United States, did knowingly and willfully make materially false, fictitious, and fraudulent statements and representations, that is: falsely stated to DEA personnel that: he had possessed his Dominican Republic cedula for the past two years, and that it was the only cedula he had ever request and issued; knowing these statements and representations to be untrue. All in violation of Title 18, United States Code, Section 1001(a)(2).

## MARITIME DRUG LAW ENFORCEMENT FORFEITURE ALLEGATION
**46 U.S.C. § 70507**

1. The allegations in Counts One and Two of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 46 U.S.C. § 70507.

2. The United States gives notice to the Defendant charged in Counts One and Two of this Indictment that pursuant to 46 U.S.C. § 70507, upon conviction of those offenses alleged in those Counts, any property described in 21 U.S.C. § 881(a), that is used or intended for use to commit, or to facilitate the commission of, those offenses is subject to forfeiture.

## NARCOTICS FORFEITURE ALLEGATION
### 21 U.S.C. § 853

1. The allegations contained in Count Three of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 21 U.S.C. § 853.

2. Pursuant to 21 U.S.C. § 853, upon conviction of any of the offenses alleged in Count Three of this indictment, the defendant shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses.

3. If any of the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

TRUE BILL

W. Stephen Muldrow
United States Attorney

_____
Max Pérez-Bouret
Assistant United States Attorney, Chief
Transnational Organized Crime Section

FOREPERSON

Date: 9/13/23