**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

UNITED STATES OF AMERICA,     *
     Plaintiff,                *
                              *
        V.                  *          CRIMINAL NO. 23-346 (FAB)
                              *
DOMINGO ACOSTA,          *
     Defendant.           *
*************************************

**MOTION FOR DISCOVERY
(Re: Immigration Proceeding)**

TO THE HONORABLE
FRANCISCO A. BESOSA
UNITED STATES SENIOR DISTRICT JUDGE
FOR THE DISTRICT OF PUERTO RICO

**I.      Introduction.**

      Defendant Domingo Acosta ("defendant Acosta") stands charged with three counts, related to the possession with intent to distribute controlled substances aboard a vessel subject to the jurisdiction of the United States; and one count for making a false statement. Title 21, U.S.C., sec. 841, 846 and 960 and Title 46, U.S.C., sec. 70503, and 70506; and Title 18, U.S.C., sec. 1001.

**II.      Relief Sought.**

      Defendant Acosta moves the Court to compel the government to allow him to inspect all documents in his Immigration and Naturalization Service's ("INS") Alien file ("A-File"), including but not limited to those related to his immigration status and any deportation/removal proceeding about him, including recordings and/or transcripts of all immigration proceedings regarding defendant Acosta.

Criminal No. 23-346 (FAB)
Page 2

### III.    Basis for Relief.

The charges against defendant Acosta here, arise from a seizure of cocaine on April 12, 2022.    On that date "officers of the Puerto Rico Bureau of Police, Marine Unit (FURA) received an anonymous tip advising the presence of a suspicious vessel close to the Humacao's shore, near 80s Beach." "[O]fficers observed a blue vessel close to Villa Palmira and El Morillo.    The officers advised three individuals were on board the 35 foot blue vessel.    One individual was wearing black pants with black t-shirt.    The Captain of the vessel was wearing black pants with black t-shirt and the final individual was wearing black pants with a white, red, and black long sleeve sweater.    "Members of FURA advised the captain of the vessel to stop, the captain ignored the orders and continue towards Reserva Humacao Beach, Humacao PR.    FURA traveled in pursuit of the vessel, however, the vessel started to approach waters to shallow for them to continue."    As FURA closed the distance on the blue vessel, they observed the individuals on board " beach" the vessel and run in separate directions towards the wooded area along the shore." Among the items found inside the vessel was a Dominican Identification Card and a Vaccination Card with the name of Domingo Acosta."

The A-file is the primary source for relevant prosecution documents.    The INS keeps a file on every person who has been under its jurisdiction.    Those persons are assigned an "A" number, and the INS keeps a numerically corresponding file.    These files contain arrest records, previous deportation records, photographs, fingerprints, and other documents relating to government encounters with the alien, and should contain all documents relevant to every deportation.

Defendant Acosta is a citizen and national of the Dominican Republic.    From the

Criminal No. 23-346 (FAB)
Page 3

discovery so far disclosed, here, a report of investigation, it appears that on October 7, 2021, defendant Acosta was arrested by Customs and Border Patrol Officers ("CBP") at the Luis Muñoz-Marín International Airport.    Defendant Acosta admitted then he entered the United States on the first week of March 2021 at or near the coast of Cabo Rojo, Puerto Rico without been inspected and/or admitted by a CBP officer.    Defendant Acosta was removed from the United States to the Dominican Republic on October 21, 2021.

The United States Supreme Court's holding on *Brady* requires government to disclose any exculpatory evidence which is "material either to guilt or to punishment." *Brady v. Maryland,* 373 U.S. 83, 87 (1963). "Information is material if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Rosario-Peralta*, 175 F. 3d 48, 53 (1st Cir. 1999).

Here, the record of the immigration proceeding is directly relevant to a material element of the offenses charged: whether defendant was a participant of this offense.    The A-File contains historical information about defendant's Acosta's immigration status at the time of the offense. The A-file sought is discoverable under Fed R. Crim. Proc. 16(a)(1)(A) (B) (D). It is also material to preparing a defense.    *See*, Fed. R. Crim. Proc. 16(a)(1)(E).    To the extent the record itself calls into question an element of the offense, they constitute exculpatory evidence.

IV.    Conclusion.

Defendant Acosta moves the Court to enter an order, compelling the government to provide this record.    Defendant further requests leave to file any motions arising from the discovery sought.

RESPECTFULLY SUBMITTED.

Criminal No. 23-346 (FAB)
Page  4

In San Juan, Puerto Rico, on this 14th day of December 2023.

**I CERTIFY** that on this date, we served a copy of the foregoing *Motion for Discovery (Re: Immigration Proceeding* on counsel for the government, U.S. Attorney W. Stephen Muldrow (Attn: Assistant U.S. Attorney Antonio J. López-Rivera) via CM/ECF.

**RACHEL BRILL**
**Federal Public Defender**
**District of Puerto Rico**

*Carlos A. Vazquez-Alvarez*
CARLOS A. VAZQUEZ ALVAREZ
Assistant Federal Public Defender
USDC-PR 206903
259 F.D. Roosevelt Ave.
Hato Rey, PR    00918-2305
Tel. (787)281-4922
Fax no. (787) 281-4988
E-mail: carlos_vazquez@fd.org